# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMITRESS SANCHEZ COX,** | ) |
| **Petitioner,** | ) |
| v. | ) Cause No. 98-CV-866-WDS |
| **UNITED STATES OF AMERICA,** | ) |
| **Respondent.** | ) |

## O R D E R

**STIEHL, District Judge:**

Before the Court is petitioner's Amendment to Relate Back to Defendant's Original Motion to Vacate, Correct, or Set Aside Sentence under §§ [sic] 2255, Pursuant to Federal Rules of Civil Procedure 15(c), in which petitioner seeks relief from his sentence on the basis of *United States v. Booker*, --- U.S. ----, 125 S.Ct. 738 (2005).

The relief sought in petitioner's proposed "amendment," filed more than 20 months after the Court dismissed petitioner's initial 28 U.S.C. § 2255 petition, is clearly covered by § 2255 and, accordingly, the amendment must be construed as a § 2255 motion. See, *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.") (Internal cites omitted).

Petitioner cites *Ellzey v. United States*, 324 F.3d 521 (7th Cir. 2003), for the proposition that the Court may allow him to amend his initial petition under Rule 15(c). However, petitioner disregards the fact that his proposed amendment is a post-decision amendment. See, *id.* at 527 ("Indeed, once the time for appeal has run, any post-decision amendment would be a second or successive collateral attack that no district judge may authorize.").

As this is petitioner's second collateral attack, and second or successive motions under § 2255 must be certified by the Seventh Circuit, see, 28 U.S.C. §§ 2244, 2255, petitioner's motion is **DENIED** for want of jurisdiction.[1]

**IT IS SO ORDERED:**

**DATED:   June 13, 2005.**

                                              **s/  WILLIAM D. STIEHL**
                                                 **DISTRICT JUDGE**

---

[1] Moreover, the Court notes that the Seventh Circuit has held that *Booker* does not apply retroactively on collateral review. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).